IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


SPARKMAN LEARNING CENTER and
JESSIE CARTER                                                           PLAINTIFFS


VS.                                    CASE NO. 06-CV-1111


ARKANSAS DEPARTMENT OF HEALTH
AND HUMAN SERVICES; JOHN SELIG,
Director of the ARKANSAS DEPARTMENT
OF HEALTH AND HUMAN SERVICES; and
TONYA RUSSELL, Director of Child Care and
Early Childhood Education of the ARKANSAS
DEPARTMENT OF HEALTH AND HUMAN SERVICES                DEFENDANTS


## MEMORANDUM OPINION

Before the Court is Defendants' Motion to Dismiss Complaint.  (Doc. 4).  Plaintiffs have

responded.  (Doc. 13).  Defendants have replied to Plaintiffs' response.  (Doc. 18).  The Court

finds the matter ripe for consideration.

## BACKGROUND

Plaintiff Sparkman Learning Center, Inc., is a child care facility that has participated in

the Child Care Food Program ("CCFP") established under 42 U.S.C. § 1766.  The CCFP

provides financial assistance to states to defray the cost of meals served to needy children in child

care centers and day care facilities.  Plaintiff Jesse Carter is Sparkman's chief executive officer.

The Arkansas Department of Health and Human Services ("DHHS") Division of Child

Care and Early Childhood Education ("DCCECE") is the unit of state government that regulates

child care facility licenses and is also responsible for nutrition programs in child care facilities. Defendant John Selig is the DHHS Director.  Defendant Tonya Russell is the DCCECE Director.

DHHS charged that Jessie Carter provided false information to state regulators. Sparkman Learning Center ("Sparkman") appealed to the Office of Appeals Hearings.  Reginold Robinson, an administrative law judge, was assigned to hear the appeal.  Robinson's supervising administrative law judge, Vicki Watt, sat in on the hearing.  After the hearing on Sparkman's appeal, Robinson resigned without writing a decision in the case.  Watt then prepared the agency decision.  Plaintiffs appealed to the Pulaski County Circuit Court and asserted that it was inappropriate for Watt to be the deciding official.  The circuit court remanded the decision back to DHHS for a rehearing *de novo* before an independent administrative law judge who is not an employee of DHHS.  Sparkman appealed the remand order, and this appeal is currently pending before the Arkansas Court of Appeals.

After filing the state court appeal, Plaintiffs filed the present suit in this Court alleging that DHHS's actions regarding the original administrative hearing violated 42 U.S.C. § 1983 and the equal protection and due process law of the Fourteenth Amendment of the United States Constitution.  Plaintiffs alleged that DHHS has treated them differently from other providers because of improper racial considerations.  Plaintiffs asked this Court to declare that DHHS has violated federal regulations, that DHHS's actions are based, in part, upon improper racial considerations, and that DHHS's actions constitute retaliation toward Plaintiffs.  Plaintiffs further asked this Court to enjoin DHHS from continuing to interfere with the operations of Sparkman Learning Center "in a manner [that] is disparate from [DHHS's] treatment of white service providers."  Plaintiffs also asked for damages against John Selig and Tonya Russell for acts taken

by them in their individual and official capacities that allegedly deprive Plaintiffs of the opportunity to engage in activities authorized by law.

DISCUSSION

DHHS asserts in its Motion to Dismiss Complaint that this Court should abstain pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971).  In *Younger*, the Supreme Court held that federal courts may not enjoin pending state court criminal proceedings except in very unusual situations.  *Younger*, 401 U.S. at 43–55.  The *Younger* doctrine has since been expanded to prohibit federal courts from interfering in certain pending state civil cases, *see Huffman v. Pursue, Ltd.,* 420 U.S. 592, 603–07, 95 S. Ct. 1200 (1975), as well as pending state administrative proceedings, *see Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 627, 106 S. Ct. 2718 (1986).

There are three issues that must be addressed in determining whether to invoke the *Younger* abstention doctrine:  (1) whether the action complained of constitutes an ongoing state judicial proceeding, (2) whether the proceedings implicate important state interests, and (3) whether there is an adequate opportunity in the state proceedings to raise constitutional challenges.  *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431–32, 102 S. Ct. 2515 (1982); *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005).  If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." *Middlesex*, 457 U.S. 435.

First, this Court considers whether the action complained of constitutes an ongoing state judicial proceeding.  Here, there is no question that there is an ongoing state judicial proceeding

regarding this matter, because an appeal arising from the administrative hearing that is at issue in this case is presently pending before the Arkansas Court of Appeals.

Second, this Court considers whether the proceedings implicate important state interests. Here, the Court finds that the integrity of public funded and administered programs is an important state interest. *See Brockell v. Norton*, 688 F.2d 588, 593 (8th Cir. 1982) (citing *Atchison v. Siebenmann*, 605 F.2d 1058, 1063 (8th Cir. 1979) (allegations of misuse of public funds are a matter of "compelling public concern")).

Third, this Court considers whether there is an adequate opportunity in the state proceedings to raise constitutional challenges. Arkansas Code Annotated section 25-15-212(h)(1) provides for state-court judicial review to determine if an administrative finding or decision violated any constitutional provisions. It is sufficient for *Younger* purposes that "constitutional claims may be raised in state-court judicial review of the administrative proceeding." *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 481 (8th Cir. 1998) (citing *Ohio Civil Rights Comm'n*, 477 U.S. at 629). Here, Plaintiffs could have alleged federal civil rights violations in the petition for review to the Pulaski County Circuit Court but did not do so. Plaintiffs assert that there has been no opportunity in the state proceedings to raise the constitutional claims. However, Plaintiffs must at least attempt to raise the federal claims in state court before this Court will consider its argument that it is impossible to do so. *See Night Clubs, Inc.*, 163 F.3d at 481 (citing *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15, 107 S. Ct. 1519 (1987)). Thus, this Court finds that there is an adequate opportunity for Plaintiffs to raise constitutional challenges in state court proceedings, that the three *Younger* requirements are met, and that the bad faith exception to *Younger* does not apply.

4

In this case, Plaintiffs have requested monetary damages in addition to injunctive relief. *"Younger* abstention means that courts should not grant declaratory relief that would interfere with pending judicial proceedings." *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 603 (8th Cir. 1999). However, claims for damages are different, and a federal court may not decline to exercise jurisdiction over them unless the damages sought would require a declaration that a state statute is unconstitutional. *Id*. "As long as there may be issues [that] will need to be determined in federal court, a stay rather than a dismissal is the preferred procedure to use in abstaining." *Id*. at 604. In this case, Plaintiffs seek damages for alleged violations of 42 U.S.C. § 1983 and equal protection and due process law, and there may be viable claims remaining after conclusion of the state proceedings. For these reasons, dismissal is improper in this action. *See id*.

CONCLUSION

For reasons discussed herein and above, the Court finds that Defendants' Motion to Dismiss Complaint should be and hereby is **DENIED**. However, the Court will abstain pursuant to *Younger* and orders that this case be **STAYED** and administratively terminated pending resolution of the state proceedings. An order of even date, consistent with this opinion, shall issue.

**IT IS SO ORDERED**, this 22d day of March, 2007.

/s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge