IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

SPARKMAN LEARNING CENTER AND
JESSIE CARTER

                              PLAINTIFFS

VS.                    CASE NO. 06-1111

ARKANSAS DEPARTMENT OF HUMAN
SERVICES, ET AL.                             DEFENDANTS

### DEPARTMENT OF HUMAN SERVICES' MOTION TO DISMISS COMPLAINT AND FIRST AMENDED COMPLAINT

Come now all defendants, by and through their counsel, Breck Hopkins and Kate Bridges, and hereby move to dismiss the Complaint in the above-captioned action (Dkt. No. 1), and/or the Amended Complaint (Dkt. No. 37), pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). In support of this motion, defendants state the following:

    1.    Plaintiffs did not obtain leave from this Court to amend its complaint, nor did it seek or obtain defendants' written consent to the amendments, as required by Fed. R. Civ. P. 15(c).

    2.    Having failed to raise all of its constitutional claims in the state proceedings, Sparkman is precluded from amending its complaint to raise additional constitutional claims. As the amendment the plaintiffs intend to make is precluded, it would be futile to grant Sparkman leave to amend on that basis.

3.   The addition of Janie Huddleston as a defendant is futile because the statute of limitations has long expired on any action against Ms. Huddleston (*see* ¶ 5, *infra*).

4.   Leave to amend would also be futile because the amended complaint does nothing to rescue the original complaint's utter failure to state any justiciable equal protection claim.

5.   Janie Huddleston must be dismissed from this suit in all capacities because her addition does not relate back to the original complaint. The abstention stay issued by this Court in 2007 did not toll any potential suit against Ms. Huddleston in her individual or official capacity because Ms. Huddleston was never a party to that stayed proceeding.

6.   Thus, for statute of limitations purposes, the timeline for adding Ms. Huddleston to the complaint must be measured as of the date of the amended complaint. Any individual or official capacity claims based on Ms. Huddleston's activities in 2004-2006 are now far outside the three-year statute of limitations for civil rights violations in this jurisdiction. *Morton v. City of Little Rock,* 934 F.2d 180, 183 (8th Cir. 1991).

7.   Ms. Huddleston had no basis to suspect that she would be accused of wrongdoing, no basis to suspect that anyone had mistaken her identity, and thus no reason to suspect that, but for a mistake concerning her identity, the plaintiffs

would have sued her in 2006 and made the extensive allegations against her it now makes in its amended complaint. Thus, all claims made against Ms. Huddleston must be dismissed.

8. All individual-capacity claims against DHS officials must be dismissed because they are barred by qualified immunity. Public officials are not liable under § 1983 unless *their own conduct* violates clearly established federal rights of which a reasonable person would have known. There is no *respondeat superior* or vicarious liability. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978).

9. As no constitutional violation has been made out, qualified immunity applies. Even if, assuming *arguendo,* the bald conclusions and speculations that comprise the amended complaint, taken in the best possible light, could possibly suggest some equal protection violation, there is nothing in the complaint to support an inference that any of the defendants would have known their conduct was unlawful in these circumstances.

10. The plaintiffs' complaint must be dismissed because all of the claims they make are precluded by a final judgment of the Arkansas Court of Appeals concerning the same cause of action and the same nucleus of operative facts.

11. *Res judicata* bars claims not fully litigated if the plaintiff has the opportunity to litigate it in the prior proceeding but does not do so. Sparkman had

a full and fair opportunity to litigate its equal protection claim in state circuit court and the Arkansas Court of Appeals. The plaintiffs invoked an equal protection claim in their federal complaint, but abandoned their equal protection claim in the state forum even after this Court abstained from all pending claims and expressly found that the plaintiffs had an adequate opportunity to raise all of their claims of federal civil rights violations in the state proceeding.

12. There is no longer any basis for any federal relief through a section 1983 action or damages claim, because any facts that would underpin such relief have been conclusively litigated in state court and are entitled to preclusive effect.

13. All equal protection claims in this complaint must be dismissed for failure to state a claim on which relief can be granted. The complaint does not present any facts from which it can fairly be inferred that similarly-situated organizations or individuals of other races could have been prosecuted *for the same offense* but were not.

14. The plaintiffs' complaint fails to state an equal protection claim because there are no facts from which a racial animus could be reasonably inferred. There is nothing at all in plaintiffs' complaint that would tend to suggest any kind of invidious motive on the part of any DHS official, nor tend to dispel that Sparkman's exclusion was the product of legitimate state enforcement actions.

15.   Granting plaintiffs the relief requested would stand the principal of judicial comity on its head.  Invalidation of the state court judgment via a federal collateral action would force DHS into the untenable position of either violating the state court mandate or violating this Court's mandate.

16.   A separate brief in support has been submitted with this motion.

WHEREFORE, for the above-stated reasons, this Court is respectfully urged to DISMISS the Complaint (Dkt. No. 1), or in the alternative, DISMISS the First Amended Complaint (Dkt. No. 37) should the Court grant leave to amend.

Respectfully submitted,

ARKANSAS DEPARTMENT
OF HUMAN SERVICES

Office of Chief Counsel

By:   **/s/ Breck G. Hopkins**

Breck G. Hopkins, ABN 77065
Chief Counsel
P. O. Box 1437, Slot S260
Little Rock, AR 72203-1437
Phone: (501) 682-8934
Fax: (501) 682-8009
E-mail: breck.hopkins@arkansas.gov

**/s/Kate Bridges**

Kate Bridges, ABN 2001224
Attorney
Office of Chief Counsel
P. O. Box 1437, S260
Little Rock, AR 72203

Phone: (501)-682-0429<br>
Fax: (501)-682-1390<br>
E-mail: kate.bridges@arkansas.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Dismiss has been served on Counsel for the Plaintiffs by utilizing the CM/ECF system wherein a copy was electronically served on the 21st day of June, 2012, to the following:

John W. Walker
JOHN W. WALKER, P.A.
1723 Broadway
Little Rock, AR  72206

**/s/ Breck G. Hopkins**